

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

August 25, 1947

Hon. George H. Sheppard
State Comptroller
Capitol Station
Austin, Texas

Opinion No. V-357

Re: Authority of the
Crippled Children's
Division of the
State Department of
Health to pay for
services rendered
crippled children
in accordance with
S. B. 360, 50th Leg.

Dear Sir:

We refer to your letter of recent date in which you enclosed a letter from Dr. Geo. W. Cox, State Health Officer, which reads as follows:

"Senate Bill No. 360, Regular Session, Fiftieth Legislature, provides in Section 1 thereof, 'The State Comptroller of Public Accounts is hereby authorized to draw proper warrants in favor of either the University of Texas School of Medicine, the John Sealy Hospital, or the State Hospital for crippled and deformed children at Galveston based on vouchers or claims submitted by said institutions covering reasonable fees and charges for hospitalization and professional services rendered by members of the staffs of said institutions in the care, diagnosis, and treatment of crippled children under the provisions of Chapter 216, Acts, Regular Session, Forth-ninth Legislature, and in the hospitalization, care and treatment of patients forwarded to said institutions from the State Eleemosynary Institutions under the direction of the State Board of Control, and the State Treasurer is hereby authorized and directed to pay warrants so issued against any available funds appropriated, granted, or donated to the Crippled Children's Division of the State Department of Health or the State Department of Health for the purpose of defraying

the expenses of treatment of crippled chil-
dren under said Act and out of available
funds appropriated to the State Board of
Control for the hospitalization, care and
treatment of patients in and from the State
Eleemosynary Institutions under the direc-
tions of said State Board of Control.  Such
payments made to said institutions shall be
credited and deposited to the local institu-
tional funds of said institution receiving
such payments.'

"I shall appreciate your advising if
the Crippled Children's Division of the
State Department of Health may proceed in
paying the John Sealy Hospital and the phy-
sicians and surgeons who are employed by the
University of Texas School of Medicine in the
manner prescribed for in this statute."

We also quote from a subsequent letter which
you received from the State Health Officer, relating to
the same matter, as follows:

"In answer to your letter of July 25,
1947, concerning House Bill No. 712, I here-
with quote information supplied by the Busi-
ness Manager of the University of Texas Medi-
cal Branch concerning the disposition of
funds received in payment for professional
services of staff members of the John Sealy
Hospital and hospitalization of crippled
children in the John Sealy or affiliated
hospitals:

"'. . . all monies received by the Uni-
versity of Texas Medical Branch in payment
of fees for professional services of members
of its staff will be deposited in a General
Fund bank account.  Expenditures from the
General Fund are made upon authority of the
Board of Regents and disbursements will not
be made to members of the staff for profes-
sional fees earned for the General Fund.'

"'In regard to question number two,
this will advise you that all revenues re-
ceived by the University of Texas for ser-
vices of the University of Texas and its
employees are likewise deposited in the
General Fund of the University and are ex-
pended upon authority of the Board of Re-

gents.    The University does not act as a collection agency for members of the staff nor make payment to employees other than on a strictly salary basis.'"

Senate Bill No. 360 was never passed, but H.B. 712 was passed by the 50th Legislature and signed by the Governor on May 23, 1947, and is an exact duplication of Senate Bill 360.    Therefore, our remarks will be confined to the House Bill instead of the Senate Bill.

In view of the plain, clear, and unambiguous language in the above Bill, it is the opinion of this Department that the Crippled Children's Division of the State Department of Health may proceed in paying the John Sealy Hospital and the University of Texas School of Medicine in the manner prescribed in the statute.

Since the Business Manager of the University of Texas School of Medicine has written to the effect that all of such fees will be deposited in the General Fund and that none of said funds will be paid to the members of the staff, we shall pretermit a discussion of that phase of your question relative to paying the physicians and surgeons who are employed by the University of Texas School of Medicine.    However, in passing, we wish to state that in our opinion it comes within the purview of Opinion No. O-4433, a copy of which is enclosed.

## SUMMARY

The Crippled Children's Division of the State Department of Health may proceed in paying the John Sealy Hospital and the University of Texas School of Medicine for services rendered crippled children in the manner prescribed in H. B. 712 of the 50th Leg., R. S., 1947.

Very truly yours

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By    *Bruce Allen*

Bruce Allen
Assistant

BA:djm:jrb